IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Lee Jenkins, ) | |
| ) | Civil Action No. 8:09-3293-RMG-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| ) | |
| South Carolina Department ) | |
| of Corrections, et.al., ) | |
| ) | |
| Defendants. ) | |

The Plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Before the court is the Defendant Dr. Kay's Motion to Dismiss. (Dkt. # 30.)[1]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

The Plaintiff filed this action on December 21, 2009. (Dkt. # 1.)[2] In his complaint, the Plaintiff names Dr. J. Kay as a Defendant. On March 30, 2010, Defendants' counsel

---

[1] In the Motion to Dismiss, the Defendant Nurse Garrett also sought dismissal based on lack of service. However, the Defendant Garrett has since been served (Dkt. # 35) and, thus, this portion of the motion is now moot.

[2] There is not a prison mailroom stamp on the envelope containing the petition. Houston v. Lack, 487 U.S. 266 (1988)(holding document considered filed upon delivery to prison officials for forwarding to court). (Pet. Attach.# 11.) Therefore, the undersigned is using the postmark date as the filing date.

filed a motion to dismiss Dr. Kay on the ground that he had not been served. (Dkt. # 30.) In this motion, the Defendants' counsel stated that Dr. Kay is deceased. On July 23, 2010, the summons for Dr. Kay was returned unexecuted. (Dkt. # 62.)

In considering the Defendant Dr. Kay's Motion to Dismiss, the undersigned found that the date of Dr. Kay's death was crucial in the disposition of the motion. If Dr. Kay died after the Plaintiff had filed this action but prior to service, substitution of a proper defendant may have been appropriate under Rule 25, Fed. R. Civ. P. *See* Wright & Miller, Federal Practice and Procedure, Civil, § 1951 (1972)("If an action was commenced by the filing of a complaint but a party named in the complaint dies, . . . before he is served with process, substitution is available, but, as in any instance of substitution, process must be served on the new party to acquire in personam jurisdiction."). *See also* Vol. 3B, Moore's Federal Practice, ¶ 25.05 (2nd ed. 1977). However, Rule 25 "clearly contemplates substitution for a party, i.e., for someone who had been made a party to the action before his death." *Chorney v. Callahan*, 135 F.Supp. 35, 36 (D.C.D. 1955). Rule 25 presupposes that substitution is for someone who was a party to a pending action and is not possible if one who was named as a party in fact died before the commencement of the action.

There were several references in the record as to Dr. Kay's death (Dkt. # 30 and 53), but no evidence as to the actual date of his death. Therefore, on August 10, 2010, the Court filed an order (Dkt. # 63) requiring the Defendants' counsel file evidence as to the date of Dr. Kay's death. On August 23, 2010, the Defendants' counsel filed a copy

of Dr. Kay's death certificate showing Dr. Kay died on February 8, 2009 (Dkt. # 69 Ex. A) well before this action was filed in December 2009.[3] Therefore, because Dr. Kay died prior to the Plaintiff filing this action, substitution pursuant to Rule 25 is inappropriate. Accordingly, the Defendant Dr. Kay should be dismissed from this action.

Based on the foregoing, it is recommended that the Motion to Dismiss (Dkt. # 30) be GRANTED and the Defendant Dr. Kay be Dismissed.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

August 25, 2010
Greenville, South Carolina

---

[3]Alternatively, the undersigned ordered the Defendants' counsel to file the appropriate suggestion of death pursuant to Rule 25 if the Defendants' counsel determined that the Defendant Dr. Kay died after this action had been filed, but prior to service.