IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA

| Robert Lee Jenkins, | ) | |
|---|---|---|
| | ) | Civil Action No. 8:09-3293-RMG-BHH |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| South Carolina Department | ) | |
| of Corrections, et.al., | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Before the court is the Plaintiff's Motion for a Temporary Restraining Order. (Dkt. # 71.)

It is well-settled that a preliminary injunction is an extraordinary form of relief that is to be granted only if no adequate remedy at law exists, and the movant establishes a clear entitlement to relief. *See In re Microsoft Corp. Antitrust Litig,* 333 F.3d 517, 524-26 (4th Cir. 2003). Fed.R.Civ.P. 65(b)(1)(A). Rule 65 of the Federal Rules of Civil Procedure requires a showing of "specific facts in an affidavit or a verified complaint [that] clearly show that [he will suffer] immediate and irreparable injury, loss or damage" in order for a temporary restraining order to issue. The Supreme Court has set forth four factors which the Petitioner must establish in order to be granted preliminary injunctive relief: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities is in

his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ----, 129 S.Ct. 365 (2008).

In this action, the Plaintiff is pursuing claims against numerous defendants who work or previously worked at Turbeville Correctional Institution ("TCI"). The Plaintiff is currently an inmate at the Evans Correctional Institution ("ECI") and, in this TRO motion, the Plaintiff does not refer to any named defendant in this action as the Plaintiff is seeking a temporary restraining order in regard to his current medical treatment and retaliatory disciplinary proceedings being imposed at the ECI. However, the Defendants in this action have nothing to do with the medical care which the Plaintiff is, or is not, receiving or the disciplinary proceedings at the ECI. The court must have personal jurisdiction over the parties to be enjoined; it may not enjoin defendants not before the court. *Zepeda v. United States I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983). *See also Wells v. Jacobs*, 2004 WL 1146028 (W.D.N.Y.2004) (holding court did not have personal jurisdiction over persons named in the TRO motion who were not defendants in the action). Therefore, based on the foregoing, it is recommended that the Plaintiff's Motion for a Temporary Restraining Order (Dkt. # 71) be DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

September 22, 2010
Greenville, South Carolina

**The Plaintiff's attention is directed to the important notice on the next page**.