| | |
|---|---|
| Robert Lee Jenkins,<br>  Plaintiff, | Case No. 8:09-3293-RMG-BHH |
| v. | ORDER |
| South Carolina Department<br>of Corrections, et. al.,<br>  Defendants. | |

Plaintiff filed this *pro se* civil rights action with this Court on December 28, 2009. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. The Magistrate has issued Reports and Recommendations recommending that Defendants' motion to dismiss Dr. Kay be granted (Dkt. No. 69) and that Plaintiff's motion for a temporary restraining order be denied. (Dkt. No.75). Plaintiff has filed objections to both R&Rs from the Magistrate. (Dkt. Nos. 77 & 81). As explained herein, this Court agrees with the Report and Recommendations of the Magistrate and grants Defendants' motion to dismiss Dr. Kay and denies Plaintiff's motion for a temporary restraining order.

## LAW/ANALYSIS

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Having conducted a *de novo* review of the motions of the parties, the Record, and Plaintiff's objections, this Court agrees with the recommendations of the Magistrate. Dr. Kay should be dismissed because he died prior to the filing of this action and a substitution under Rule 25 is not appropriate. (Dkt. No. 68). Further, Plaintiff's motion for a temporary restraining order should be denied as this Court does not have jurisdiction over the parties complained of in Plaintiff's motion. Further, based on the motion, even if those referred to in the motion were parties, Plaintiff has not met the high burden required before getting injunctive relief. *See Winter v. Natural Resources Defense Council, Inc.*, --- U.S. ----, ----, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008); *see also Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, at * 1 (D.S.C. August 18, 2009) (applying *Winter* standard).

## CONCLLUSION

Based on the above, Defendants' motion to dismiss Dr. Kay is **granted**. (Dkt. No. 30). Further, Plaintiff's motion for a temporary restraining order is **denied**. (Dkt. No. 71).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 3, 2010
Charleston, South Carolina